IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

B.E.T. LTD.,

        Plaintiff,

        v.

SUBURBAN PIPE LINE CO., INC., et al.

        Defendants.

Case No. 2:09-cv-1145
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Judgment on the Pleadings Against Defendant Suburban Pipe Line Co., Inc. (Document 12.)

### I.

Plaintiff B.E.T. Ltd., an Ohio limited liability company, filed this action against Defendants Suburban Pipe Line Co., Inc. ("Suburban"), a New York corporation with its principal place of business in New York, and Stephen H. LaBarge, an individual residing in New York, in the Court of Common Pleas of Belmont County, Ohio on November 19, 2009. Defendants removed the action to this Court on December 18, 2009 on the basis of diversity jurisdiction.

Plaintiff alleges, and Defendants admit, that Suburban rented various pieces of equipment, purchased parts, and had services performed in Plaintiff's workshop. (Am. Compl. ¶ 3; Answer ¶ 2.) Plaintiff further alleges, and Defendants admit, that "[f]or the items purchased and rented and for the services performed[,] Defendant[] Suburban owes Plaintiff the sum of $117,892.59 as set forth in the account statement attached [to the Amended Complaint] as Exhibit 'A.'" (Am. Compl. ¶ 4; Answer ¶ 3.) Exhibit A to the Amended Complaint appears to

be a statement of Suburban's account with Plaintiff. Plaintiff alleges, and Defendants admit, that the amount of $117,892.59 remains unpaid. (Am. Compl. ¶ 5; Answer ¶ 4.)

Plaintiff also alleges that, in order to induce Plaintiff to extend credit to Suburban, Defendants executed and delivered a credit application to Plaintiff which contained a personal guarantee by LaBarge, a copy of which is attached to the Amended Complaint as Exhibit B. (Am. Compl. ¶ 6.) Exhibit B appears to be a credit application for Suburban's account with Plaintiff. Below the statement, "I hereby authorize our bank to release any information to assist in establishing our credit," the document appears to have been signed by LaBarge as president of Suburban. The following pre-printed statement appears *below* LaBarge's signature:

STATEMENT OF RESPONSIBILITY

I, ___Stephen H. LaBarge___, AGREE TO BE PERSONALLY RESPONSIBLE FOR PAYMENT OF ALL CHARGES INCURRED BY THE ABOVE COMPANY IN CASE OF DEFAULT OF PAYMENT.

In the above statement, "Stephen H. LaBarge" appears to be typewritten over a blank line on the pre-printed form. No other signatures appear on the document. (Am. Compl. Ex. B.)

In their Answer, Defendants deny the allegations relating to Exhibit B and assert that "Exhibit B to the Amended Complaint is neither a promise to pay nor a personal guarantee on behalf of either Defendant." (Answer ¶ 8.) Defendants also assert in their answer that the Court lacks personal jurisdiction over Defendant LaBarge and that Plaintiff fails to state a claim as to LaBarge. (Answer ¶¶ 6, 7.)

II.

Plaintiff has moved for judgment on the pleadings against Defendant Suburban. Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The Court may grant such a

motion "where the moving party is entitled to judgment as a matter of law," taking as true all of the "well-pleaded material allegations of the pleadings of the opposing party." *Cincinnati Ins. Co. v. Beazer Homes Invs., LLC*, 594 F.3d 441, 444 (6th Cir. 2010) (quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006)) (quotations omitted).

### III.

Even if the Court were to find that Exhibit B to the Amended Complaint does not constitute a promise to pay, that conclusion would not affect Defendants' admission that Suburban owes, and has not yet paid, the amount of $117,892.59 to Plaintiff. Because the only other defenses raised in Defendants' Answer do not apply to Suburban, the Court must agree with Plaintiff that the pleadings clearly establish that Plaintiff is entitled to judgment against Suburban.

This Court notes that Defendants waited twenty-nine days after the case was filed in state court to remove the matter to this Court, then waited another eighteen days to file an Answer admitting that it owed Plaintiff the exact amount alleged in the Amended Complaint. The Court is concerned that the remaining matters not involve dilatory tactics to oppose finality.

The Court therefore **GRANTS** Plaintiff's Motion for Judgment on the Pleadings Against Defendant Suburban Pipe Line Co., Inc. (Document 12) and directs the Clerk to enter judgment against Suburban in the amount of $117,892.59.

**IT IS SO ORDERED.**

4-22-2040

**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

3